| tPLOTKIN, J.,
dissenting.
I would deny the writ. This Court held in State v. Hamilton, 2000-1176, p. 5-6 (La.App. 4 Cir. 9/13/00), 770 So.2d 413, 417-418, that the standard of review for a Motion to Suppress Evidence is:
On mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo. United States v. O’Keefe, 128 F.3d 885 (5 Cir.1997), cert, denied,523 U.S. 1078, 118 S.Ct. 1525,140 L.Ed.2d 676 (1998).
The trial judge in the instant case granted defendant’s motion to suppress the evidence. The trial judge is correct that the officers did not have probable cause to search the apartment. The officers who searched the apartment received a tip from a concerned citizen approximately thirty minutes after Officer Perkins described the suspects to the other officers that were on the scene.
In State v. Thompson, 2001-0524, p. 6(La.App.4 Cir.1/2/02), 806 So.2d 150, 154, this Court cited State v. Fisher, 97-1133, p. 8(La.9/9/98), 720 So.2d 1179,1184, a case in which the Supreme Court discussed the factors to evaluate when the police rely on a tip from a confidential informant:
While probable cause must be determined on the totality of the circumstances, an informant’s reliability, veracity and basis of knowledge are “all highly relevant.” Illinois v. Gates, 462 U.S. 213[, 103 S.Ct. 2317, 76 L.Ed.2d 527](1983); State v. Ruffin, 448 So.2d 1274, 1278 (La.1984). A confidential informant may provide adequate information to establish probable cause for a warrantless | Parrest, so long as the basis for the informant’s knowledge and the informant’s reliability, when examined under the totality of the circumstances, are established.
In the instant case, there is nothing in the record to indicate that the tip was from a reliable informant or that the officers even knew this individual. Given that this informant was untested, that statement alone was not enough to justify the entry into the apartment.
*30 The officers did not have a warrant prior to entering the apartment. As the majority notes, under these circumstances, exigent circumstances as well as probable cause was required in order to justify the search. The majority contends that the search was justified based on the officers’ interest in avoiding a possible violent confrontation. However, over thirty minutes elapsed from the time of the shooting until the officers entered the apartment. The officers believed that the people who shot at them were inside the apartment so there would not be an immediate threat to officer safety. The fact that someone shot at the officers does not alone create exigent circumstances sufficient to support a warrantless entry into the apartment. Thus, I would deny the writ application.